UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**GROVER CLIFTON GABBARD**                                                  **PETITIONER**

**v.**                                                          **CIVIL ACTION NO. 4:21-CV-P35-JHM**

**SCOTT JORDAN, WARDEN**                                            **RESPONDENT**

**MEMORANDUM OPINION**

Petitioner Grover Clifton Gabbard filed this *pro se* action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus (DN 1). The matter is currently before the Court for preliminary review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons set forth below, the Court will dismiss this action as time-barred.

**I.**

Because the petition now before the Court was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Petitioner indicates that he is challenging a murder conviction from the McLean Circuit Court in Case No. 02-CR-00013. In the petition, he states that the date of his conviction was November 14, 2002, and that the date of his sentencing was December 9, 2002. Petitioner appealed his conviction to the Kentucky Supreme Court which upheld it in an opinion entered on May 19, 2005. *See Gabbard v. Commonwealth*, No. 2002-SC-1091, 2005 Ky. Unpub. LEXIS 188 (Ky. May 19, 2005).[1] Petitioner then filed a Kentucky Rule of Criminal Procedure 11.42 motion which was denied by the McLean Circuit Court on July 28, 2005; that decision was affirmed by the Kentucky Court of Appeals on February 2, 2007. *See Gabbard v. Commonwealth*, No. 2005-CA-001782-MR, 2007 Ky. App. Unpub. LEXIS 504 (Ky. Ct. App. Feb. 2, 2007). It appears that Petitioner then filed a Kentucky Rule of Civil Procedure 60.02 motion that was denied by the McLean Circuit Court on April 29, 2009. *See* DN 1-1, pp. 10-12, McLean Circuit Court Order. The Kentucky Court of Appeals affirmed this decision on

---

[1] To the extent that the dates set forth in the petition do not correspond with dates set forth in the state-court orders or opinions Petitioner has attached as exhibits to his petition or to the publicly available opinions themselves, the Court has used the dates found in the latter. *See*, *e.g*., *Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (holding that a court may take judicial notice of court records that are available online to members of the public) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)). However, the Court additionally notes that any differences in the dates provided by Petitioner and the dates in the public records related to his case are immaterial since the last date provided by either source is February 15, 2012, which is years before the instant § 2254 petition was filed.

January 14, 2011. *See Gabbard v. Commonwealth*, No. 2009-CA-001008-MR, 2011 Ky. App. Unpub. LEXIS 36 (Ky. Ct. App. Jan. 14, 2011). Petitioner filed a petition for discretionary review of this decision which the Kentucky Supreme Court denied on February 15, 2012. *See Gabbard v. Commonwealth*, No. 2011-SC-00096-D, 2012 Ky. LEXIS 223 (Ky. Feb. 15, 2012).

The Court will assume for purposes of this Memorandum Opinion only that the one-year limitations period for filing the instant § 2254 petition was tolled until February 15, 2012, the date Petitioner's last apparent time-tolling collateral attack ended. *See* 28 U.S.C. § 2244(d)(2) (providing that the AEDPA limitations period may be tolled for that period of time "during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending"). Operating under this assumption means that Petitioner had until February 15, 2013, to file the instant § 2254 petition. Petitioner, however, did not file the instant petition until March 19, 2021,[2] more than nine years after the statute of limitations ostensibly expired.

Section 2254's statute of limitations is not jurisdictional, however, and is subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly." *Id.* at 1008-09. A litigant "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The [movant] bears the burden of demonstrating that

---

[2] Pursuant to the federal prison mailbox rule, a *pro se* prisoner's pleading "is deemed filed when the inmate gives the document to prison officials to be mailed." *In re: Prison Litig. Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)). The instant § 2254 petition reflects that it was placed in the prison mailing system on March 19, 2021.

he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494-95 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

In the section of the form which asks Petitioner to explain why the one-year statute of limitations does not bar his petition, Petitioner states as follows:

> On 1-4-02 I self surrendered to FCI Memphis to being serving a 48 month sentence. On 5-24-02 Kentucky served me with a warrant, arrested and extradited me from Memphis, TN to Owensboro, KY for arraignment and trial in McClean Circuit Court. On 1-3-03 I was transported from Kentucky back to FCI Memphis. By this time one year had lapsed on my federal sentence, I had no choice but to begin work on my federal case as well as perfecting my appeal in the state courts. With the back and forth of two trials in two different states as well as two separate levels I'm hoping you will consider my petition for relief under 28 U.S.C. 2254.

These circumstances do not meet the standard for equitable tolling set forth above. They do not explain why Petitioner did not file this petition until more than nine years after the statute of limitations ostensibly expired or set forth any exceptional circumstances sufficient to toll the statute of limitations during this period of time.

Because the petition appeared to be time-barred on its face, the Court entered a Memorandum and Order providing Petitioner the opportunity to show cause, within 30 days, why his petition should not be summarily dismissed as barred by the applicable one-year statute of limitations (DN 7). In his response to this Order, Petitioner states, "I have nothing left to add other than I have exhausted all other remedies . . . ." (DN 8).

For the above reasons, the Court concludes that the instant § 2254 petition must be denied and this action dismissed as untimely.

## II.

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue

4

"only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies a habeas petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. at 484. If the petition was denied on procedural grounds, both showings must be made before a certificate of appealability should issue and the matter be heard on appeal. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* In such a case, no appeal is warranted. *Id.*

The Court is satisfied in the instant case that no jurists of reason could find its procedural ruling to be debatable. Thus, a certificate of appealability must be denied.

### III.

The Court will enter an Order consistent with this Memorandum Opinion.

Date: August 16, 2021

*Joseph H. McKinley*
Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Petitioner, *pro se*
Respondent
Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601
4414.011